UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNOR HARRISON**　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　**CASE NO. 23-5037**

**JOHN W. STONE OIL DISTRIBUTORS, LLC et al.**　　**SECTION: "G" (2)**

## ORDER

Pending before the Court is Defendant John W. Stone Oil Distributors, LLC's ("Stone Oil") "Motion to Dismiss and/or Strike."[1] On August 31, 2023, Plaintiff Kennor Harrison ("Plaintiff") filed a complaint alleging that his employer, Stone Oil, violated his rights under 42 U.S.C. Section 2000e ("Title VII") and 42 U.S.C. Section 1981 when Stone Oil discriminated against him based on his race.[2] Plaintiff also alleges that Stone Oil's "policies, practices, hiring procedures, and training decisions had a disparate impact upon him based on his race."[3] On October 23, 2023, Stone Oil filed the instant motion, asserting that the Court should dismiss the following claims: s (1) Title VII hostile work environment, (2) Title VII retaliation, (3) Title VII disparate impact, (4) Title VII failure to promote, (5) Section 1981 retaliation, (6) Section 1981 hostile work environment, and (7) Section 1981 disparate impact.[4] Stone Oil argues that Plaintiff's Title VII hostile work environment, retaliation, and disparate impact claims should be dismissed because

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1 at 1.

[3] *Id.*

[4] Rec. Doc. 12 at 1.

1

Plaintiff failed to exhaust his administrative remedies before filing his complaint in this Court.[5] Stone Oil further argues that Plaintiff's failure to promote claim is untimely, his Section 1981 disparate impact claim is not legally actionable, he insufficiently plead a Section 1981 retaliation claim, and he insufficiently plead Section 1981 and Title VII hostile work environment claims.[6]

On November 7, 2023, Plaintiff filed an "Ex-parte Motion to Amend and Supplement Plaintiff's Petition for Damages,"[7] requesting leave to amend the Complaint "to address and remedy certain issues raised in [Stone Oil's] motion."[8] On November 9, 2023, the Court granted Plaintiff leave to file the Amended Complaint.[9] On November 9, 2023, Plaintiff filed an amended complaint.[10]

On November 9, 2023, Plaintiff also filed a response opposing Defendant's motion.[11] First, Plaintiff notes that his Amended Complaint removed allegations of harassment and hostile work-environment under Title VII, so Stone Oil's motion to dismiss on the basis of harassment and hostile-work environment is moot.[12] Second, Plaintiff notes that he amended his allegations as to the Title VII retaliation claim.[13] Third, Plaintiff notes that he amended his allegations as to the Title VII disparate impact claims, therefore also curing the pleading defects as to his Section 1981

---

[5] Rec. Doc. 12-1 at 4–6.

[6] *Id.* at 7–11.

[7] Rec. Doc. 17.

[8] *Id.* at 1.

[9] Rec. Doc. 20.

[10] Rec. Doc. 21.

[11] Rec. Doc. 19.

[12] *Id.* at 10.

[13] *Id.* at 11.

disparate impact claims.[14] Fourth, Plaintiff notes that he amended his allegations as to his Section 1981 claim for retaliation and hostile work-environment.[15]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[16] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[17] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[18]

Stone Oil's pending motion to dismiss and/or strike asserts that Plaintiff's Section 1981 disparate impact claim is not legally actionable, his Section 1981 retaliation claim was insufficiently plead, and his Section 1981 and Title VII hostile work environment claims were also

---

[14] *Id.* at 14–15.

[15] *Id.* at 15–16.

[16] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[17] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co*., 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[18] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

insufficiently plead. The Amended Complaint clarifies removed Plaintiff's Title VII harassment and hostile-work environment claims. Plaintiff also amended his allegations as to the Title VII and Section 1981 disparate impact claims, the Title VII retaliation claim, and the Section 1981 retaliation and hostile-work environment claims. Therefore, the Court concludes that applying the pending motion to the Amended Complaint would detract from the efficient resolution of the issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Stone Oil's "Motion to Dismiss and/or Strike"[19] is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this  13th  day of November, 2023.

                        **NANNETTE JOLIVETTE BROWN**
                        **CHIEF JUDGE**
                        **UNITED STATES DISTRICT COURT**

---

[19] Rec. Doc. 12.